# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| COLLEEN WITMER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| LAYNE CHRISTENSEN COMPANY, DAVID A.B. BROWN, J. SAMUEL BUTLER, ROBERT R. GILMORE, JOHN T. NESSER III, NELSON OBUS, ALAN P. KRUSI, MICHAEL J. CALIEL, GRANITE CONSTRUCTION INCORPORATED, and LOWERCASE MERGER SUB INCORPORATED, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 14, 2018 (the "Proposed Transaction"), pursuant to which Layne Christensen Company ("Layne Christensen" or the "Company") will be acquired by Granite Construction Incorporated ("Granite") and its wholly owned subsidiary, Lowercase Merger Sub Incorporated ("Merger Sub" and together with Granite, "Granite Construction").

2. On February 13, 2018, Layne Christensen's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger

(the "Merger Agreement") with Granite Construction. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Layne Christensen's shareholders, they will receive 0.27 shares of Granite common stock for each share of Layne Christensen stock they own.

3. On March 13, 2018, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Layne Christensen common stock.

9. Defendant Layne Christensen is a Delaware corporation and maintains its principal executive offices at 1800 Hughes Landing Blvd., Ste. 800, The Woodlands, Texas 77380.  Layne Christensen's common stock is traded on the NasdaqGS under the ticker symbol "LAYN."

10. Defendant David A.B. Brown ("Brown") is the Chairman of the Board of Layne Christensen.

11. Defendant J. Samuel Butler ("Butler") is a director of Layne Christensen.

12. Defendant Robert R. Gilmore ("Gilmore") is a director of Layne Christensen.

13. Defendant John T. Nesser III ("Nesser") is a director of Layne Christensen.

14. Defendant Nelson Obus ("Obus") is a director of Layne Christensen.

15. Defendant Alan P. Krusi ("Krusi") is a director of Layne Christensen.

16. Defendant Michael J. Caliel ("Caliel") is a director, and the President and Chief Executive Officer ("CEO") of Layne Christensen.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Granite is a Delaware corporation.  Granite's common stock is traded on the NYSE under the ticker symbol "GVA."  Granite is a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation and a wholly owned subsidiary of Granite.  Merger Sub is a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Layne Christensen (the "Class").  Excluded from the Class are defendants

3

herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of February 12, 2018, there were approximately 19,917,043 shares of Layne Christensen common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Layne Christensen is a leading global water management and services company, with more than 130 years of industry experience, providing responsible, sustainable, integrated solutions to address the world's water, minerals and infrastructure challenges. The Company's customers include government agencies, investor-owned utilities, industrial companies, global mining companies, engineering and consulting firms, oil and gas companies, power companies and agribusiness.

28. For its customers, Layne Christensen manages water throughout its lifecycle, including supply, treatment, delivery, maintenance, and rehabilitation. Throughout each phase, Layne Christensen works to ensure compliance with complex state and federal regulations, and to meet increasingly high demand for quality, reliability, and efficiency. The Company's mineral services teams extract representative samples that accurately reflect the underlying mineral deposits for Layne Christensen's global mining customers. Layne Christensen operates on a geographically dispersed basis with approximately 52 sales and operations offices located throughout North America, Brazil, and through affiliates in Latin America.

29. Layne Christensen operates its business in three segments: Water Resources, Inliner, and Mineral Services. In its Water Resources segment, the Company's customers are typically government agencies, national and regional consulting firms engaged by federal and state agencies, and local operations of agricultural, industrial and energy businesses.

30. Inliner is a full service rehabilitation company that offers a wide range of

solutions for wastewater, storm water, and process sewer pipeline networks. The Company's proprietary products allows Inliner to rehabilitate aging and deteriorated infrastructure to provide structural rebuilding as well as infiltration and inflow reduction.

31. The Company's Mineral Services segment conducts primarily above ground drilling activities, including all phases of core drilling, reverse circulation, dual tube, hammer and rotary air-blast methods. It also drill to support the definition of ore bodies to maximize the efficiency of mining.

32. On February 13, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Granite Construction.

33. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Layne Christensen's shareholders, they will receive 0.27 shares of Granite common stock for each share of Layne Christensen stock they own.

34. Following the close of the Proposed Transaction, Layne Christensen's stockholders will own only approximately 12% of Granite's outstanding shares on a fully diluted basis.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

35. On March 13, 2018, defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

37. The Registration Statement omits material information regarding Layne Christensen's and Granite's financial projections, as well as the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Greentech Capital

Advisors, LLC ("Greentech").

38.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     The Registration Statement indicates that, in performing its Discounted Cash Flow Analysis of Layne Christensen, Greentech derived an implied per share equity value of Layne's federal net operating loss carryforward balance ("NOL") by discounting the Company's projected NOLs to the present. The Registration Statement, however, fails to provide stockholders with the Company's projections of its NOLs.

40.     Further, the Registration Statement discloses certain projections of Layne Christensen for non-GAAP (generally accepted accounting principles) metrics, including Adjusted EBITDA and Free Cash Flow, and for Granite, including EBITDA and Free Cash Flow, but it fails to provide stockholders with the necessary line item projections for the metrics used to calculate these non-GAAP measures or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures.

41.     To avoid misleading stockholders with non-GAAP financial measures in business combinations such as the Proposed Transaction, publicly traded companies must provide a reconciliation of the differences between the non-GAAP financial measures with the most comparable financial measures calculated and presented in accordance with GAAP. Indeed,

defendants acknowledge in the Registration Statement that the EBITDA and Free Cash Flow measures "should not be considered in isolation or as a substitute for net income, operating income, cash flows from operating activities or any other measure of financial performance presented in accordance with GAAP or as a measure of a company's profitability or liquidity." As such, stockholders are entitled to the line item projections used to calculate Layne Christensen's and Granite's non-GAAP projections or a reconciliation of the non-GAAP projections to the most comparable GAAP measures.

42. With respect to Greentech's Discounted Cash Flow Analysis of each of Layne Christensen and Granite, the Registration Statement fails to disclose: (i) the line item projections of Layne Christensen's free cash flows and Granite's free cash flows and adjusted EBITDA as used by Greentech in its analysis; (ii) Layne Christensen's NOL projections; (iii) whether Greentech's analyses account for the synergies that are expected to result from the Proposed Transaction; (iv) the specific inputs and assumptions underlying the different sets of discount rates calculated and used by Greentech in its analyses; (v) Greentech's basis for using the perpetuity growth method with respect to Layne Christensen, but using the exit multiple method with respect to Granite; and (vi) the terminal exit multiples implied by Greentech's analysis of Layne Christensen and the perpetuity growth rates implied by Greentech's analysis of Granite.

43. With respect to Greentech's Selected Publicly Traded Companies Analyses of each of Layne Christensen and Granite, the Registration Statement fails to disclose the individual multiples and financial benchmarking metrics for each of the companies observed by Greentech in its analyses.

44. With respect to Greentech's Premium Paid Analysis, the Registration Statement fails to disclose: (i) the identity of the transactions observed by Greentech in its analysis; and (ii)

the individual premiums for each of the transactions observed by Greentech in its analysis.

45. With respect to Greentech's analysis of the research analysts' price targets, the Registration Statement fails to disclose the individual stock price targets of Layne Christensen and Granite observed by Greentech in its analysis.

46. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Certain Information Provided by the Parties; and (ii) Opinion of Financial Advisor to Layne.

47. The Registration Statement omits material information regarding potential conflicts of interest of the Company's executive officers and directors.

48. In particular, the Registration Statement states that "Granite and Layne have commenced an integration planning process to determine the employment status of Layne's executive officers following the Effective Time." Further, it indicates that, in connection with the Proposed Transaction, the Company's Senior Vice President of Water and Minerals, Kevin Maher, and the President of Inliner, Larry D. Purlee, will be eligible to receive a special one-time retention bonus award in the amount of $50,000 and $100,000 respectively.

49. The Registration Statement, however, fails to disclose the nature, timing, and substance of any discussions or overtures regarding post-merger employment during the negotiations leading to the execution of the Merger Agreement, including who participated in the discussions. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

50. The omission of this material information renders the Registration Statement false

and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; and (ii) Interests of Certain Persons in the Merger.

51. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Layne Christensen's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Layne Christensen

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Layne Christensen is liable as the issuer of these statements.

54. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

55. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

56. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

57. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

58. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Granite Construction

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants and Granite Construction acted as controlling persons of Layne Christensen within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Layne Christensen and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and Granite Construction was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have

had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

64. Granite Construction also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

65. By virtue of the foregoing, the Individual Defendants and Granite Construction violated Section 20(a) of the 1934 Act.

66. As set forth above, the Individual Defendants and Granite Construction had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required

in it or necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  April 3, 2018

**KENDALL LAW GROUP, PLLC**

By: */s/ Joe Kendall*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone:  (302) 295-5310
Facsimile:  (302) 654-7530

**RM LAW**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone:  (484) 324-6800
Facsimile:  (484) 631-1305

Joe Kendall (Texas Bar No. 11260700)
jkendall@kendalllawgroup.com
Jamie J. McKey (Texas Bar No. 24045262)
jmckey@kendalllawgroup.com
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone:  (214) 744-3000
Facsimile:  (214) 744-3015

*Attorneys for Plaintiff*